8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony L. GREENHILL, Petitioner-Appellant,
v.
James ROWLAND, Director, Respondent-Appellee.
 No. 92-15633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Sept. 16, 1993.
 
 Before: FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony L. Greenhill, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging the sentences imposed in 1983 for state burglary convictions and the effectiveness of his counsel during the sentencing proceedings. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 * Greenhill pleaded guilty to burglary in violation of Cal.Penal Code § 459 on April 15, 1983 and was sentenced to four years' imprisonment: three years for the burglary and one year for a prior conviction pursuant to Cal.Penal Code § 667.5(b).
 
 
 4
 On June 17, 1983, Greenhill was convicted, following a jury trial, of second-degree burglary in violation of section 459 and was sentenced to eight years' imprisonment: two years for the conviction, five years for a prior serious felony conviction pursuant to Cal.Penal Code §§ 667(a) and 1192.7(c)(18), and one year for a prior conviction pursuant to section 667.5(b).
 
 
 5
 During the sentencing proceedings in the second case, the sentencing court "recalled" the sentence in the first case to make it "the subordinate term" to the sentence imposed in the second case. The court then resentenced Greenhill to the same four-year sentence it previously had imposed in the first case and stated that the sentence would run concurrently to the eight-year sentence imposed in the second case. The court apparently thought that under Cal.Penal Code § 1170(d), it had to recall the earlier sentence to determine how that sentence would run in relation to the sentence imposed in the second case.
 
 
 6
 Greenhill appealed the sentence imposed in the second case, using that case's docket number. The California Court of Appeal noted that Cal.Penal Code § 669 required the sentencing court to determine "the concurrent versus consecutive question ... [but] does not require or authorize a recall or a full resentencing." The Court of Appeal also observed that Greenhill could have appealed the resentencing "but did not do so ... and [his] attack on the resentencing is not cognizable on this appeal."
 
 II
 
 7
 Greenhill asserts that his counsel rendered him ineffective assistance by merely objecting to the "recall" of Greenhill's prior sentence, instead of requesting a continuance. To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Even if counsel's conduct was deficient, which is doubtful given that he did object to the procedure, Greenhill has shown no prejudice. Although the sentencing court recalled the prior sentence, it imposed the same sentence it previously imposed, and it ordered that the sentence run concurrently with the second burglary conviction. There is no error affecting any of Greenhill's substantial rights.
 
 
 8
 Greenhill also contends that he was denied due process when the trial court failed to notify the parties that it intended to recall the sentence. Although the trial court technically violated state law when it "recalled" the prior sentence, it recalled the sentence in order to specify whether it should run concurrently or consecutively to the sentence it was imposing for the second burglary conviction. California Penal Code §§ 669 and 1170.1 required the sentencing court to specify whether the sentences ran concurrently or consecutively. These statutes gave adequate notice. Moreover, the state court's error was harmless because it imposed the same sentence and ordered that it run concurrently with the sentence for the second burglary. Finally, because Greenhill challenges only errors in the application of state law and does not allege action so fundamentally unfair as to constitute a due process violation, he does not state claims cognizable in a section 2254 habeas corpus petition. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 9
 Greenhill also contends that the sentencing court did not adequately explain his appeal rights regarding the "recalled" sentence. The sentencing court, however, advised Greenhill that he had a right to appeal within 60 days. The sentencing court's failure to advise Greenhill that he should specify that he was appealing both sentences does not violate any federal constitutional rights, and thus does not provide a basis for relief under section 2254. See Estelle v. McGuire, 112 S.Ct. 475, 480, 482 (1991); Miller, 868 F.2d at 1118-19.
 
 
 10
 Finally, Greenhill contends that state court erred by enhancing his conviction for second-degree burglary in the second burglary case by five years pursuant to Cal.Penal Code § 667(a) for a prior serious felony.
 
 
 11
 Under section 667(a), a person convicted of a serious felony receives a five-year enhancement for each prior serious felony. Greenhill asserts that his conviction for second-degree burglary is not a serious felony and thus is not subject to enhancement under section 667(a). On direct appeal, the California Court of Appeal held that the enhancement was proper. In any event, the alleged error in the state's appliction of its sentencing law is not cognizable in a section 2254 petition because it is not so fundamentally unfair that it is a denial of due process. Miller, 868 F.2d at 1118-19.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3